# EXHIBIT A

State of Illinois
County of Cook

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Bogustawa "Bonnie" Frey, )
    Plaintiff, ) No.
)
v. ) JURY DEMANDED
)
Holiday Inn Express, Hotel Coleman, ) **Damages in Excess of $50,000.00**
Vaughn Hospitality, )
    Defendants. )
)
)

## COMPLAINT

NOW COMES the Plaintiff, Bogustawa "Bonnie" Frey, by and through her attorney, JUSTIN G. RANDOLPH., and asserts the following in support of this Complaint against the Defendant:

### JURISDICTION

1. Jurisdiction over violations of the Illinois Human Rights Act ("the Act") is conferred on this Court by 775 ILCS 5/7A-102 (C)(4).

### PROCEDURAL REQUIREMENT

2. On or about March 15, 2010, Plaintiff filed a multi-count charge based on Sexual Harassment and Pregnancy Discrimination against Defendant with the Illinois Department of Human Rights. Plaintiff's charge was filed within one hundred eighty (180) days after the unlawful employment practices occurred. On or about October 15, 2010, Plaintiff filed a

Law Office of Justin G. Randolph
53 W. Jackson Blvd., Suite 557
Chicago, IL 60604
(312) 663-1560
Attorney 37649

charge of retaliation for unlawful termination. Plaintiff's retaliation charge was filed within one hundred eight (180) days after the unlawful employment practice occurred.On August 5, 2011, the Illinois Department of Human Rightsnotified Plaintiff of her right to sue in Circuit Court on the first charge. On the Illinois Department of Human Rights notified Plaintiff of her right to sue in Circuit Court on the first charge. Plaintiff timely filed this complaint in accordance with 775 ILCS 5/7A-102 (C)(4).

## COUNT I: SEXUAL HARASSMENT

3. Plaintiff, a woman, was hired by Defendants in August 2008 to work in Guest Services

4. During her time there she was subjected to unwanted, unwelcome, and offensive sexual comments and advances by her supervisor, Mike Vaughn

5. Her supervisor made unwanted, unwelcome, and offensive sexual comments and advances including:

   a. He needed to get "laid";
   b. He could get any young girl he wanted;
   c. Plaintiff should put a penny in a jar every time she had sex with her husband and then he later asked her how many pennies she had in the jar;
   d. He repeatedly asked to touch her stomach;
   e. He invited her to a hotel room;
   f. He invited her to a bar;
   g. He stated he wanted to have phone sex with the Plaintiff;
   h. He threw business cards on the floor in front of Plaintiff telling her to pick them up so he could "see her ass";

      i. He said she had a "sexy body".

6. Plaintiff was extremely embarrassed and upset by these comments which caused her substantial emotional pain and suffering.

## COUNT II: HOSTILE WORK ENVIRONMENT

7. Paragraphs 1-6 are incorporated are hereby re-alleged and incorporated as if fully set forth herein.

8. Defendant's conduct created a hostile, degrading, offensive and intimidating work environment which lasted from the time that it began until Plaintiff was terminated for filing her charge of sexual harassment and which substantially interfered with her work performance, her enjoyment of life, and caused and continues to cause her great emotional pain and stress.

## COUNT III: PREGNANCY DISCRIMINATION

9. Paragraphs 1-8 are incorporated are hereby re-alleged and incorporated as if fully set forth herein.

10. In June 2009 Plaintiff informed her employer that she was pregnant.

11. Subsequently, Plaintiff was subjected to adverse employment decisions and degrading treatment such as:

    a. In August 2009, Plaintiff was denied the Executive Sales Manager position she had been promised by Mike Vaughn;

    b. In October 2009, without warning, Plaintiff was sent from the front desk to

about pain and swollen ankles;

n. Plaintiff was told to put guest folios underneath guest doors even after Plaintiff informed management that bending over became an issue because it hurt Plaintiff's back and stomach;

o. Two replacements were hired in anticipation of Plaintiff's maternity leave that received more hours than Plaintiff did despite her request for additional hours;

p. In or about December 2009, Jenn Vaughn warned my co-worker Kristy Orzech to stay away from Brady (owner's son). She told Kristy that Brady and Plaintiff were very close and that they were sleeping together. Jenn Vaughn went on to say that Brady is the father of Plaintiff's child;

q. Defendant showed no concerns about Plaintiff's health or well being. The work conditions and hostility created complications with Plaintiff's pregnancy that included stress which caused low weight gain, and back pain;

r. Safety at the hotel is an issue but Plaintiff would find herself working at night with no security. On one occasion Jenn Vaughn became upset upon seeing police in front of the building. Plaintiff called the police after she was confronted by drunken guest that told her to "Fuck off" causing Plaintiff to fear for her safety and the safety of her unborn child;

s. Plaintiff became so scared that her husband, a police officer, and friend would stay with her at times during her shift. Plaintiff also asked the Algonquin Police Department to check on her when she was working;

t. In January 2010, when Plaintiff called to inform Jenn Vaughn that she would

Law Office of Justin G. Randolph
53 W. Jackson Blvd., Suite 557
Chicago, IL 60604
(312) 663-1560
Attorney 37649

not be able to be at work because her water had broken she responded by saying that she had already had Plaintiff replaced. This happened without Plaintiff ever telling her supervisors she needed that time off.

## COUNT IV: RETALIATION

12. Paragraphs 1-11 are hereby re-alleged and incorporated as if fully set forth herein.

13. After Plaintiff filed her charge of sexual harassment and pregnancy discrimination Plaintiff was terminated by Defendant.

14. Jenn Vaughn, the daughter of Plaintiff's harasser, who was also a supervisor at the work place, fabricated a story wherein Plaintiff was purported to have stolen a $5.00 gift card to Chili's which she alleged found while going through Plaintiff's personal belonging while Plaintiff was working.

15. As a direct and proximate result of Defendant's unlawful termination Plaintiff has lost income and benefits and has suffered, and continues to suffer, mentally, emotionally and financially.

WHEREFORE, an Order is requested providing the following relief:

(a) That Defendant pay to Plaintiff a sum equal to the damages she has suffered because of embarrassment, humiliation, insult and emotional suffering as a result of the civil rights violations committed against her by Defendant;

(b) That Defendant instate Plaintiff to her former position or comparable at a rate of pay comparable to what she would be receiving if not for the civil rights violations committed against her by Defendant;

Law Office of Justin G. Randolph
55 W Jackson Blvd, Suite 557
Chicago, IL 60604
(312) 663-1560
Attorney 37649

1     (k) That such further relief be granted as may be necessary to make Plaintiff whole

2

3                                                 Respectfully Submitted,

4

5                                                 _____

6                                                 Justin G. Randolph
                                                   Attorney for Plaintiff

7

8   Law Office of Justin G. Randolph
     Attorney for Plaintiff

9   53 W. Jackson, Ste. 557
     Chicago, IL 60604

10  (312) 663-1560
     Attorney #37649

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27