IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Bogustawa "Bonnie" Frey, )
)
      Plaintiff, )
)
vs. ) Case No. 12-cv-6284
)
Holiday Inn Express, Hotel Coleman, and )
Vaughn Hospitality, )
)
      Defendants. )

## HOTEL COLEMAN AND VAUGHN HOSPITALITY'S ANSWER TO FIRST AMENDED COMPLAINT

NOW COME the Defendant, HOTEL COLEMAN, LLC, an Illinois limited liability company and Defendant VAUGHN HOSPITALITY, INC., an Illinois corporation, by and through their attorneys, ROBERT J. WAGNER, P.C., and in answer to the Plaintiff's First Amended Complaint, states as follows:

### Jurisdiction

1. Jurisdiction over violations of the Illinois Human Rights Act ("the Act") is conferred on this Court by 775 ILCS 5/7A-102(C)(4).

ANSWER: Defendants deny the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. Jurisdiction over violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-16, is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3).

ANSWER: Defendants admit the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

## Procedural Requirement

3. On or about March 15, 2010, Plaintiff filed a multi-count charge based on Sexual Harassment and Pregnancy Discrimination against Defendant with the Illinois Department of Human Rights. Plaintiff's charge was filed within one hundred eighty (180) days after the unlawful employment practices occurred. On or about October 15, 2010, Plaintiff filed a charge of retaliation for unlawful termination. Plaintiff's retaliation charge was filed within one hundred eighty (180) days after the unlawful employment practice occurred. On August 5, 2011, the Illinois Department of Human Rights notified Plaintiff of her right to sue in Circuit Court on the first charge. On the Illinois Department of Human Rights notified Plaintiff of her right to sue in Circuit Court on the first charge. Plaintiff timely filed this complaint in accordance with 775 ILCS 5/7A-102(C)(4).

ANSWER: Defendants admit that charges were filed, but deny those charges. Further, the Defendants the date upon which the Plaintiff received notice of her right to sue letter on her first charge, and since no date is alleged regarding her right to sue on her second charge, the Defendants deny that also. The Defendants deny that the complaint is timely.

4. Plaintiff's IDHR charges were all cross-filed with the Equal Opportunity Employment Commission. On April 10, 2012 the EEOC issued Plaintiff "right-to-sue" letters. Plaintiff timely filed this amended complaint.

ANSWER: The Defendants admit the IDHR charges were cross filed with the EEOC, but deny that the EEOC issued right to sue letters on April 10, 2012.

2

## COUNT I: SEXUAL HARRASSMENT IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT AND TITLE VII

5. Plaintiff, a woman, was hired by Defendants in August 2008 to work in Guest Services.

ANSWER: Defendants admit that the Plaintiff was hired by Defendant Vaughn Hospitality in August 2008.

6. During her time there she was subjected to unwanted, unwelcome, and offensive sexual comments and advances by her supervisor, Mike Vaughn.

ANSWER: Defendants deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Her supervisor made unwanted, unwelcome, and offensive sexual comments and advances including:

   a. He needed to get "laid";

   b. He could get any young girl he wanted;

   c. Plaintiff should put a penny in a jar every time she had sex with her husband and the later asked her how many pennies she had in the jar;

   d. He repeated asked to touch her stomach;

   e. He invited her to a hotel room;

   f. He invited her to a bar;

   g. He stated he wanted to have phone sex with the Plaintiff;

   h. He threw business cards on the floor in front of Plaintiff telling her to pick Them up so he could "see her ass";

   i. He said she had a "sexy body".

ANSWER: Defendants deny the allegations contained in paragraph 7, Count I of Plaintiff's First Amended Complaint.

3

8. Plaintiff was extremely embarrassed and upset by these comments which cause her substantial emotional pain and suffering.

ANSWER: Defendants deny the allegations contained in paragraph 8, Count I of Plaintiff's First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

1. The Plaintiff failed to name the Defendants in her the charge of sexual harassment filed on March 15, 2010.

### SECOND DEFENSE

1. The Plaintiff has failed to allege which of the Defendants was her employer for purposes of liability under the Illinois Human Rights Act and Title VII.

### THIRD DEFENSE

1. At all relevant times, the Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior, including the promulgation of an employee handbook that contained policies prohibiting sexual harassment and procedures that would permit any harassed employee to management.

2. Furthermore, the Defendants, at all relevant times, took precautions to correct and punish behaviors that deviated from the sexual harassment policy that it observed or that were brought to its attention.

3. The Plaintiff failed to notify the Defendants of the alleged harassment or to take any action to avail herself of the preventive and corrective harassment complaint procedures as set forth in the employee handbook.

## FOURTH DEFENSE

1. The Plaintiff does not allege, nor did she suffer, any tangible employment action as a result of any actions of the Defendants.

COUNT II: HOSTILE WORK ENVIRONMENTS IN VIOLATION OF THE
ILLINOIS HUMAN RIGHTS ACT AND TITLE VII

9. Paragraphs 1 – 6 are incorporated hereby re-alleged and incorporated as if fully set forth herein.

ANSWER: Defendants restate and reallege their answers to paragraph 1 – 6 above as their answers to paragraphs 1 – 6 of Count II of Plaintiff's First Amended Complaint.

10. Defendant's conduct created a hostile, degrading, offensive and intimidating work environment which lasted from the time that it began until Plaintiff was terminated for filing her charge of sexual harassment and which substantially interfered with her work performance, her enjoyment of life, and caused and continues to cause her great emotional pain and stress.

ANSWER: Defendants deny the allegations contained in paragraph 10 of Count II of Plaintiff's First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

1. The Plaintiff failed to name the Defendants in her the charge of sexual harassment filed on March 15, 2010.

### SECOND DEFENSE

1. The Plaintiff has failed to include a hostile work environment claim in her the charge of sexual harassment filed on March 15, 2010. As a result, the claim of hostile work environment is beyond the scope of the March 15, 2010 charge and is barred.

a result of limited to c

**THIRD DEFENSE**

1. The Plaintiff has failed to allege which of the Defendants was her employer for purposes of liability under the Illinois Human Rights Act and Title VII.

**FOURTH DEFENSE**

1. At all relevant times, the Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior, including the promulgation of an employee handbook that contained policies prohibiting sexual harassment and procedures that would permit any harassed employee to management.

2. Furthermore, the Defendants, at all relevant times, took precautions to correct and punish behaviors that deviated from the sexual harassment policy that it observed or that were brought to its attention.

3. The Plaintiff failed to notify the Defendants of the alleged harassment or to take any action to avail herself of the preventive and corrective harassment complaint procedures as set forth in the employee handbook.

COUNT III: PREGNANCY DISCRIMINATION IN VIOLATION OF THE
ILLINOIS HUMAN RIGHTS ACT AND TITLE VII

11. Paragraphs 1-8 are incorporated are hereby re-alleged and incorporated as if fully set forth herein.

ANSWER: Defendants restate and reallege their answers to paragraphs 1 – 8 above as their answers to paragraph 1 – 8 of Count III of Plaintiff's First Amended Complaint.

12. In June 2009 Plaintiff informed her employer that she was pregnant.

ANSWER: Defendants deny the allegations contained in paragraph 12 of Count III of Plaintiff's First Amended Complaint.

13. Subsequently, Plaintiff was subjected to adverse employment decisions and degrading treatment such as:

   a. In August 2009, Plaintiff was denied the Executive Sales Manager position she had been promised by Mike Vaughn;

   b. In October 2009, without warning, Plaintiff was sent from the front desk to night audit but did not receive the extra pay as required. This was in addition to the breakfast bar and housekeeping work which Plaintiff performed but for which she was not properly compensated;

   c. Plaintiff worked two night audit shifts in a row although she was informed by Jen Vaughn, also her supervisor and her harasser's daughter, that she would not be working two night shifts in a row;

   d. Intrusive comments critiquing Plaintiff's weight were made. Plaintiff would be asked if she had weighed herself lately;

   e. Plaintiff's hours were cut in our about August 2009;

   f. Mike Vaughn asked to see and touch Plaintiff's belly;

   g. Mike Vaughn asked Plaintiff if she was sure she wanted a baby and that she would no longer have a sexy body;

   h. Mike Vaughn told Plaintiff that her sex life was over with her husband;

   i. Mike Vaughn told Plaintiff to start a penny jar to keep track every time she has sex with her husband and to count the jar in a year;

   j. At a later date, Mike Vaughn asked her how her penny jar was coming along;

   k. In or about October 2009, Mike Vaughn told Plaintiff that she is the reason why he hires only girls that are single and don't have boyfriends or husbands;

   l. In or about October 2009, Mike Vaughn came into the hotel drunk saying that he needed to get "laid" and told Plaintiff "what a waste that its that I am pregnant";

   m. Plaintiff was forced to stand and work an entire shift after Mike Vaughn and Jenn Vaughn removed chairs. This is despite the fact that Plaintiff complained about pain and swollen ankles;

n.  Plaintiff was told to put guest folios underneath guest doors even after Plaintiff informed management that bending over became and issue it hurt Plaintiff's back and stomach;

o.  Two replacements were hired in anticipation of Plaintiff's maternity leave that received more hours than Plaintiff did despite her request for additional hours;

p.  In or about December 2009, Jenn Vaughn warned my co-workers Kristy Orzech to stay away from Brady (owner's son). She told Kristy that Brady and Plaintiff were very close and that they were sleeping together. Jenn Vaughn went on to say that Brady is the father of Plaintiff's child;

q.  Defendant showed no concerns about Plaintiff's health or well being. The work conditions and hostility created complications with Plaintiff's pregnancy that included stress which caused low weight gain, and back pain;

r.  Safety at the hotel is an issue but Plaintiff would find herself working at night with no security. On one occasion Jenn Vaughn became upset upon seeing police in front of the building. Plaintiff called the police after she was confronted by drunken guest that told her to "Fuck off" causing Plaintiff to fear for her safety and the safety of her unborn child;

s.  Plaintiff became so scared that her husband, a police officer, and friend would stay with her at times during her shift. Plaintiff also asked the Algonquin Police Department to check on her when she was working;

t.  In January 2010, when Plaintiff called to inform Jenn Vaughn that she would not be able to be at work because her water has broken she responded by saying that she had already had Plaintiff replaced. This happened without Plaintiff ever telling her supervisors she needed that time off.

ANSWER: Defendants deny the allegations contained in paragraphs 13 a – t of Count III of Plaintiff's First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

1. The Plaintiff failed to name the Defendants in her the charge of sexual harassment filed on March 15, 2010.

## SECOND DEFENSE

1. The Plaintiff has failed to allege which of the Defendants was her employer for purposes of liability under the Illinois Human Rights Act and Title VII.

## THIRD DEFENSE

1. At all relevant times, the Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior, including the promulgation of an employee handbook that contained policies prohibiting sexual harassment and procedures that would permit any harassed employee to management.

2. Furthermore, the Defendants, at all relevant times, took precautions to correct and punish behaviors that deviated from the sexual harassment policy that it observed or that were brought to its attention.

3. The Plaintiff failed to notify the Defendants of the alleged harassment or to take any action to avail herself of the preventive and corrective harassment complaint procedures as set forth in the employee handbook.

## FOURTH DEFENSE

1. The Plaintiff does not allege, nor did she suffer, any tangible employment action as a result of any actions of the Defendants.

## FIFTH DEFENSE

1. The Defendants are not liable for actions of third parties unless they knew or should have known that third parties were committing acts of sexual harassment.

2. At all relevant times, the Defendants neither knew nor should have known that third parties were perpetrating acts of sexual harassment.

## COUNT IV: RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT AND TITLE VII

14. Paragraphs 1 -11 are hereby re-alleged and incorporated as if fully set forth herein.

ANSWER: Defendants restate and reallege their answers to paragraphs 1 – 11 above as their answers to paragraphs 1 – 11 of Count IV of Plaintiff's First Amended Complaint.

15. After Plaintiff filed her charge of sexual harassment and pregnancy discrimination, Plaintiff was terminated by Defendant.

ANSWER: Defendants deny the allegations contained in paragraph 15 of Count IV of Plaintiff's First Amended Complaint.

16. Jen Vaughn, the daughter of Plaintiff's harasser, who was also a supervisor at the work place, fabricated a story wherein Plaintiff was purported to have stolen a $5.00 gift card to Chili's which she alleged found while going through Plaintiff's personal belonging while Plaintiff was working.

ANSWER: Defendants deny the allegations contained in paragraph 16 of Count IV of Plaintiff's First Amended Complaint.

17. As a direct and proximate result of Defendant's unlawful termination Plaintiff has lost income and benefits and has suffered, and continues to suffer, mentally, emotionally and financially.

ANSWER: Defendants deny the allegations contained in paragraph 17 of Count IV of Plaintiff's First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

1. At all relevant times, the Defendants had in place policies and procedures regulating employee conduct, including the prohibition of against the theft of property from co-workers, customers, or the hotel, as well as the use of profane, abusive or disrespectful language.

2. The Plaintiff was terminated on April 19, 2010 from her employment for legitimate non-pre-textual reasons, namely the Plaintiff's theft of property on April 16, 2010 and the Plaintiff's repeated and continual violations of company policy, including but not limited to inappropriate and offensive statements and comments made by the Plaintiff to a hotel customer on April 13, 2010.

### SECOND DEFENSE

1. At all relevant times, the Defendants exercised reasonable care to prevent and correct promptly any harassing behavior, including the promulgation of an employee handbook that contained policies prohibiting harassment and procedures that would permit any harassed employee to management, and specifically prohibited any form of retaliation.

2. Furthermore, the Defendants, at all relevant times, took precautions to correct and punish behaviors that deviated from the retaliation policy that it observed or that were brought to its attention.

3. The Plaintiff failed to notify the Defendants of the alleged retaliation or to take any action to avail herself of the preventive and corrective harassment and retaliation complaint procedures as set forth in the employee handbook.

## THIRD DEFENSE

1. The Plaintiff has failed to allege which of the Defendants was her employer for purposes of liability under the Illinois Human Rights Act and Title VII.

WHEREFORE, Defendant, HOTEL COLEMAN, LLC, an Illinois limited liability company and Defendant VAUGHN HOSPITALITY, INC., an Illinois corporation, request this Honorable Court to deny Plaintiff's request for relief and enter judgment against the Plaintiff and in favor of the Defendants.

HOTEL COLEMAN, LLC
VAUGHN HOSPITALITY, INC.

By: *(signature)*
Robert J. Wagner, P.C.
One of their Attorneys

Atty. No. 11094
Robert J. Wagner
ROBERT J. WAGNER, P.C.
108 N. Walkup Avenue
Crystal Lake, IL 60014
815/455-1448
F: 815/477-8399

Y:\Rjw\Holiday Inn Express (8375)\Pleadings\Answer to First Amended Complaint.doc