UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOGUSTAWA FREY, )<br>    Plaintiff, )<br> )<br> )<br> )<br> )<br>HOTEL COLEMAN, )<br>VAUGHN HOSPITALITY, )<br>    Defendants, )<br> ) | Case No. 12-cv-06284<br><br>Honorable John J. Tharp |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT HOTEL COLEMAN**

**I.     INTRODUCTION**

Plaintiff, Ms. Frey asserts three theories of liability against Hotel Coleman ("HC") under Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and the Illinois Human Rights Act ("IHRA"). The standards for proceeding under the IHRA and Title VII are substantially similar. Ms. Frey alleges that she was subjected to sexual harassment in the form of a hostile work environment, that she was subjected to discrimination based on her pregnancy that took the form of insults as well as changes in the conditions of her employment, and that she was retaliated against for filing a charge of sexual harassment and pregnancy discrimination.

**II.     SUMMARY OF FACTS**

Ms. Frey was hired by Mike Vaughn ("Vaughn"), owner of Vaughn Hospitality ("VH"), a hotel management company hired by HC to direct the day-to-day activities of the Holiday Inn franchise owned by HC. [Plaintiff's Rule 56.1 Statement of Facts ("PSF") ¶ 5] Shortly after being hired she was subjected to a steady barrage of sexually inappropriate and offensive comments and conduct from Vaughn. [PSF ¶¶ 6-7 ] The hotel's harassment policy required her to report the harassment to Vaughn's daughter, Jennifer Vaughn, or to Vaughn so that it could be investigated. As

Vaughn was her harasser there was no effective policy in place though which she could obtain relief from the harassment. [PSF ¶¶ 9-12] Nevertheless, she told Vaughn the conduct was unwelcome and told the Housekeeping Manager, Melody Strauss, about the harassment. Ms. Strauss had a conversation with Vaughn who merely laughed at Ms. Frey's complaints. [PSF ¶ 9]

In June of 2009, Ms. Frey informed her employer that she was pregnant. [PSF ¶ 13] This did not stop the harassment, in fact Vaughn continued to make sexually offensive and inappropriate comments to Ms. Frey. [PSF ¶ 15] Once she started showing he also started mixing in comments about her body claiming that it would not be "sexy" anymore. [PSF ¶ 15] She was also moved from the Front Desk to the night audit and passed over for a variety of positions. Comments from Vaughn made Ms. Frey believe she had been moved because she was visibly pregnant. [PSF ¶ 14] However, that did not stop the harassment. One night Vaughn came to the hotel intoxicated and said he needed to get "laid". He lamented her condition stating that it was a "waste" that she was pregnant. [PSF ¶ 15]. Even his daughter joined in, telling a co-worker that Ms. Frey's husband was not the father of her child. [PSF ¶ 16]

Beyond being passed over for positions and moved to a night shift her hours were cut. She was told a variety of reasons but when she asked for more hours she received none despite the fact that other employees received more. [PSF ¶14]

As her pregnancy progressed she started getting swollen ankles and a sore back. The response was to remove the chair she normally used forcing her to stand. She was also required to bend down and put guest folios under doors despite her complaints about back pain. In fact, the owner, Brett Coleman came by one day when there was snow on the ground and asked her why the sidewalk had not been shoveled. She stated that she was pregnant and Mr. Coleman told her that she "wasn't that pregnant". She got the feeling they felt like her pregnancy was a problem rather than something to be celebrated. [PSF ¶¶14-17]

In January of 2010 Ms. Vaughn went on maternity leave and while she was on leave she filed a charge of sexual harassment and pregnancy discrimination with the Illinois Department of Human Rights ("IDHR"). [PSF ¶ 23] The charge was filed on March 15, 2010 and Ms Frey returned from leave on April 12, 2010. [PSF ¶¶ 19 & 23]. She was fired by Jennifer Vaughn a week later for allegedly stealing a $5.00 Chili's gift card and J. Vaughn also claimed that Ms. Frey stole her phone. Needless to say none of it was true. [PSF ¶¶ 20-22]

### III. ARGUMENT

#### A. Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c); *see also Flores v. Preferred Tech. Group,* 182 F.3d 512, 514 (7th Cir. 1999). A genuine issue of material fact exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249 (1986). It is the movant's burden to establish the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

#### B. Sexual Harassment

Both Title VII and the IHRA prohibit a sexually hostile or abusive work environment as it is a form of sex discrimination under Title VII of the Civil Rights Act of 1964. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986); The IHRA is for the most part interpreted in the same manner as Title VII of the Civil Rights Act of 1964 [*Gusciara v. Lustig*, 346 Ill. App. 3d 1012; 806 N.E.2d 746; 2004 Ill. App. LEXIS 307; 282 Ill. Dec. 449 (2nd Dist. 2004)] . For sexual harassment to be actionable, a plaintiff must prove either a tangible employment action being taken against them or in a hostile work environment case conduct that is so severe or pervasive as

"to alter the conditions of her employment and create an abusive working environment.'" *Meritor* at 67. The totality of the circumstances must be considered including the "'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The court must also assess the impact of the harassment on the plaintiff's work environment from both a subjective and objective viewpoint; "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." [*EEOC v. Management Hospitality of Racine et al*, 2012 U.S. App. LEXIS 383, (7th Cir. 2012) internal citations omitted]

Under Title VII an employer is liable for a hostile work environment created by an immediate supervisor where they failed to exercise reasonable care such as in a case where their harassment policy does not allow the victim to bypass the harasser. [*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)] Under the IHRA, an employer is strictly liable for harassment committed by a supervisor, even where that supervisor is not able to affect the terms and conditions of the victim's employment. [*Sangamon County Sheriff's Department v. Illinois Human Rights Commission*, 233 Ill. 2d 125; 908 N.E.2d 39; 2009 Ill. LEXIS 378; 330 Ill. Dec. 187 (2009)]

In this case Ms. Frey was subjected to frequent comments by Vaughn about his desire to have sex with her, his sexual needs, her physical appearance, and conduct such as asking to touch her and having her bend over so he could see her ass. Ms. Frey found this behavior offensive and humiliating. [PSF ¶¶ 6-11] Defendant's policy required that she either complain to Vaughn's daughter or Vaughn himself and was therefore unreasonable. [PSF ¶ 12] She tried to go around the policy to complain and Vaughn just laughed it off. [PSF ¶ 9] Defendant HC has admitted that such comments are reasonably perceived as offensive and constitute unlawful harassment when Vaughn made them. [PSF ¶ 10] Accordingly, there is no genuine issue of material fact and summary judgment should be granted on this count for Ms. Frey and against Hotel Coleman.

### C. Pregnancy Discrimination

Pregnancy discrimination is analyzed like any other discrimination claim. Either a tangible employment action must be taken or a hostile work environment created. Evidence can either be direct or indirect. [*Venturelli v. ARC Community Services*, 350 F.3d 592 (7th Cir. 2003)]

### 1. Direct Evidence

The Seventh Circuit has described direct evidence as follows: "Direct evidence is evidence which, if believed by the trier of fact, will prove the particular fact in question without reliance upon inference or presumption.... Direct evidence "can be interpreted as an acknowledgment of discriminatory intent by the defendant or its agent." Direct evidence is a "distinct" type of evidence that uniquely reveals "intent to discriminate... a mental state." [*Rudin v. Lincolnland Community College*, 420 F.3d 712, 719 (7th Cir., 2005); citing *Furnco Const. Corp. v. Water*, 438 U.S. 567, 579, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978)at 720(citations omitted)]

Direct evidence can be proven by presenting statements that a decision maker actually made a statement affirming that pregnancy was used as a factor in a particular decision, or considering circumstantial evidence which allows the trier of fact to "infer intentional discrimination by the decision maker." *Rudin, Id., at 720*. In both the discrimination and retaliation context the Seventh Circuit has recognized three categories of circumstantial evidence available to the plaintiff using the "convincing mosaic" approach. *Coleman v. Donahoe, 667 F.3d 835, 860 (7th Cir. 2012).* The three categories are: (1) Suspicious timing, ambiguous statements, oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn ... (2) is evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment (3) is evidence that the plaintiff was qualified for

the job in question but passed over in favor of (or replaced by) a person not having the forbidden characteristic and that the employer stated reason for the difference in treatment is unworthy of belief." *Rudin v. Lincolnland Community College, 420 F.3d 712, 720, 721 citing Troupe v. May Dept., Stores, 20 F.3d 734, 736 (7th Cir., 1994).* The third prong can be generalized to mean evidence of "pretext". *Coleman, 667 F.3d at 860.* Each type of evidence may be sufficient alone to support a judgment for the Plaintiff, or it may be used together. *Coleman, at 860 citing Troupe at 736.*

   2. **Indirect Evidence**

As noted by the Seventh Circuit, "smoking gun" evidence is hard to come by. [*Coleman v. Donahoe*, 667 F.3d at 845.] Where direct evidence is unavailable Plaintiff's may turn to indirect method as set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this method a Plaintiff must show that: (1) she is a member of a protected class; (2) her job performance met her employer's legitimate expectations; (3) she suffered an adverse job action; (4) that similarly situated non-pregnant employees were treated more favorably. [*Rodgers v. White*, 657 F. 3d. 511, 517 (7th Cir. 2012). If Ms. Frey satisfies these elements, she must then prove that any legitimate, nondiscriminatory reasons offered by the Defendant for the adverse action, if any, are pretext. [*McDonnell Douglas,* 411 U.S. at 802, 804, 93 S.Ct. 1817.]

Here tangible, adverse, employment actions were taken against Ms. Frey soon after she told her supervisors she was pregnant. She had her hours cut, her shift changed, she was passed over for positions, she was forced to stand and bend after she complained of pain because of her pregnancy. [PSF ¶ 14] The comments about her appearance once she began to show and the timing of her shift change, her hours being cut, her chair being removed, being passed over for positions, is suspicious and leads to the conclusion that they occurred because she was pregnant.

However, she was also subjected to a hostile environment. Vaughn and his daughter made offensive comments related to her pregnancy. Vaughn talked about her sex life with her husband,

her body and how it would not be sexy anymore, how it was a waste that she was pregnant because he needed to get "laid". His daughter spread rumors that Ms. Frey's husband was not the father of her child. [PSF ¶ 15]

This conduct was humiliating to Ms. Frey [PSF ¶ 15] and Defendant has admitted that they did not give her the Executive Sales Manager position because she was pregnant and also that Vaughn's comments were objectively and subjectively offensive and constituted unlawful harassment. [PSF ¶14] Accordingly, there is no genuine issue of material fact and summary judgment should be granted on this count for Ms. Frey and against Hotel Coleman.

Retaliation

The standard for retaliation under the direct method a plaintiff needs to show that they engaged in protected activity, suffered an adverse employment consequence, and that there was a connection between the protected activity and the employment action. [*Coleman v. Donahoe,* 667 F.3d 835 (7th Cir. 2012)] To meet the last prong, absent an admission, the plaintiff can present a "convincing mosaic" as they might for a discrimination case. *Coleman* at 860. This can be done a number of ways, for example, by showing suspicious timing, or showing that the employer's proffered reasons were pretextual which will support an inference of retaliation. *Coleman* at 860-861.

In this case, Plaintiff engaged in protective activity when she filed her charge of harassment and discrimination on March 15, 2010. She then returned to work on April 12, 2010 and was terminated on week later. Defendant Coleman has admitted that they were aware of her protected activity and admitted that they have no evidence to support the reason for which they claim to have terminated her. Therefore, no reasonable trier of fact could return a verdict for Defendant Coleman on this count and summary judgment should be granted on this count against Hotel Coleman and for Plaintiff.

IV. Conclusion

Because of Defendant Hotel Coleman's failure to properly respond to Ms. Frey's requests to admit there is no genuine issue of material fact and Ms. Frey is e

|  | RESPECTFULLY SUBMITTED,<br>BOGUSTAWA FREY, |
|---|---|
| By: | /s/ Justin G. Randolph<br>JUSTIN G. RANDOLPH<br>Attorney for Plaintiff |

6270471
Justin G. Randolph
LAW OFFICE OF JUSTIN G. RANDOLPH
53 West Jackson Boulevard, Suite 602
Chicago, IL 60604
(312) 663-1560
justin@jrandolphlaw.com