# PROPOSED VOIR DIRE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOGUSTAWA "BONNIE" FREY, | ) |
| | ) Case No. 12-cv-06284 |
| Plaintiff, | ) |
| | ) Hon. John J. Tharp, Jr. |
| v. | ) |
| | ) |
| INTERCONTINENTAL HOTELS GROUP | ) |
| RESOURCES, INC. *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT VAUGHN HOSPITALITY'S PROPOSED VOIR DIRE

1. Name

2. Address

3. Marital and Family Status

4. Education

5. Occupation

6. Spouse's Occupation and Education

7. Prior jury service

8. Do you know any of the parties in this case or the lawyers?

9. Do you know any of the witnesses?

10. Have you or a family member ever filed a charge of discrimination against an employer?

11. Have you or a family member ever been discharged from a job?

12. Have you, a family member, or a close friend ever been a party to a lawsuit?

13. Have you, a family member, or a close friend ever owned or managed a small business?

14. Have you ever held a supervisory or management position in your job?

15. Have you or a family member ever have to deal with difficult employees?

16. Have you or a family member ever have to discharge/terminate an employee?

17. Have you ever experienced financial difficulties that affected your livelihood? Would that experience affect your ability to make an award in favor of the Plaintiff? If yes, explain.

18. Have you or anyone close to you ever been retaliated against by an employer, in your own opinion?

19. Before selecting you as a juror in this case, is there anything in your background that you think we should know about but have not asked?

20. As you sit here now, do you have the frame of mind you would want a juror to have if you were either of the parties in this case?

# PROPOSED JURY INSTRUCTIONS

**1.03 ALL LITIGANTS EQUAL BEFORE THE LAW**

  In this case, one of the Defendants is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Seventh Circuit Pattern Jury Instruction

Objection\_\_\_\_\_ No Objection X\_\_\_\_

**1.06 WHAT IS NOT IN EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have heard or seen outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers'' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Seventh Circuit Pattern Jury Instruction

Objection_____    No Objection  X____

**1.09 LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

The court should instruct the jury on any limited purpose of evidence at the time the evidence is presented. That instruction may be in the following form: "The [following] [preceding] evidence concerning [*describe evidence*] is to be considered by you [*describe purpose*] only and for no other purpose."

Seventh Circuit Pattern Jury Instructions

Objection_____    No Objection  X____

**1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Seventh Circuit Pattern Jury Instruction

Objection_____    No Objection X____

**1.13 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Seventh Circuit Pattern Jury Instruction

Objection_____   No Objection X____

**1.27 BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Seventh Circuit Pattern Jury Instruction

Objection_____   No Objection  X___

**2.03 EVIDENCE ADMITTED ONLY AGAINST ONE PARTY**

Some of the evidence in this case is limited to one of the parties, and cannot be considered against the others. Each party is entitled to have the case decided solely on the evidence which applies to that party.

The evidence you [are about to hear] [just heard] can be considered only in the case against [*name party*].

Seventh Circuit Pattern Jury Instruction

Objection_____ No Objection  X___

**3.02 RETALIATION INSTRUCTION**

Plaintiff claims that she was terminated by Defendant because of her opposition to sexual harassment and pregnancy discrimination. To succeed in this claim, Plaintiff must prove two things by a preponderance of the evidence:

1. Her opposition was based on a reasonable, good faith belief that she was being sexually harassed and subjected to pregnancy discrimination. This does not, however, require Plaintiff to show that what she believed was correct.

2. Defendant would not have terminate Plaintiff if she had not opposed the sexual harassment and pregnancy discrimination but everything else had been the same.

Seventh Circuit Pattern Jury Instruction

Objection  X     No Objection _____     Defendant Objects

**3.09 DAMAGES: GENERAL**

If you find that Plaintiff has proved [any of] her claim[s] against [any of] Defendant[s], then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove [any of] her claim[s], then you will not consider the question of damages.

Seventh Circuit Pattern Jury Instruction

Objection\_\_\_\_\_    No Objection  X\_\_\_

**3.10 COMPENSATORY DAMAGES**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

[1. The physical [and mental/emotional] pain and suffering [and disability/loss of a normal life] that Plaintiff has experienced [and is reasonably certain to experience in the future]. No evidence of the dollar value of physical [or mental/emotional] pain and suffering [or disability/loss of a normal life] has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.]

[2. The reasonable value of medical care that Plaintiff reasonably needed and actually received [as well as the present value of the care that he is reasonably certain to need and receive in the future.]]

[3. *Describe any expenses, other than lost pay, that Plaintiff reasonably incurred or will incur in the future as a direct result of the Defendant's discrimination/retaliation.*]

[4. *Describe any loss (other than lost pay) caused by Defendant in Plaintiff's future earning capacity.*]

Seventh Circuit Pattern Jury Instruction

Objection_____ No Objection X____

**3.13 PUNITIVE DAMAGES**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that [his conduct] [the conduct of Defendant's [managerial employees, officers],] was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

[Plaintiff must prove by a preponderance of the evidence that Defendant's [managerial employees, officers] acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be [discriminated and/or retaliated] against. [In determining whether [*Name*] was a managerial employee of Defendant, you should consider the kind of authority Defendant gave him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out.] You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an anti- discrimination policy.]

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Seventh Circuit Pattern Jury Instruction

Objection_____ No Objection  X

**IL PATTERN INSTRUCTION 35.01 Punitive/Exemplary Damages--Willful and Wanton Conduct**

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that [(Defendant's name)] conduct was [fraudulent] [intentional] [willful and wanton] and proximately caused [injury] [damage] to the plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish [(Defendant's name)] and discourage [it/him/her] and others from similar conduct. In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages: 1. How reprehensible was [(defendant's name)] conduct? On this subject, you should consider the following: a) The facts and circumstances of defendant's conduct; b) The [financial] vulnerability of the plaintiff; c) The duration of the misconduct; d) The frequency of defendant's misconduct; e) Whether the harm was physical as opposed to economic; f) Whether defendant tried to conceal the misconduct; g) [other] 2. What actual and potential harm did defendant's conduct cause to the plaintiff in this case? 3. What amount of money is necessary to punish defendant and discourage defendant and others from future wrongful conduct [in light of defendant's financial condition]? [In assessing the amount of punitive damages, you may not consider defendant's similar conduct in jurisdictions where such conduct was lawful when it was committed.] The amount of punitive damages must be reasonable [and in proportion to the actual and potential harm suffered by the plaintiff.]

Illinois Pattern Jury Instruction

Objection_____    No Objection  X____

**IL PATTERN INSTRUCTION 250.01 Retaliatory Discharge Issues Made by the Pleadings— One Plaintiff, One Defendant**

[1]. The plaintiff claims that [she] was an employee of the defendant from August 25, 2008 until April 19, 2010.

[2]. The plaintiff claims that while employed by defendant [she] was terminated for filing a charge of discrimination against defendant.

[3]. The plaintiff further claims that one or more of the reason(s) stated in paragraph [2] above were a proximate cause of [her] [discharge] and of plaintiff's claimed damages.

[4]. The defendant denies that plaintiff was discharged for filing a charge of discrimination against defendant.

[5]. The defendant claims that the plaintiff was [discharged] for theft, which by defendant's policy was an offense that warranted immediate discharge.

Illinois Pattern Jury Instruction

Objection  X         No Objection  _____      Plaintiff Objects