**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOGUSTAWA FREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 CV 06284 |
| ) | |
| HOTEL COLEMAN AND ) | Judge John J. Tharp, Jr. |
| VAUGHN HOSPITALITY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This Opinion brings plaintiff Bogustawa Frey's 2012 suit against her former employer, Hotel Coleman, and its independently-hired management company, Vaughn Hospitality, very near to completion. This Court previously granted Frey summary judgment against Hotel Coleman on Frey's claims for sexual harassment, pregnancy discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII") and the Illinois Human Rights Act, 775 ILL. COMP. STAT. 5/7A-102(C)(4) ("IHRA"). This Court also granted Vaughn Hospitality summary judgment as to Frey's sexual harassment and pregnancy discrimination claims, but denied summary judgment as to her retaliation claim. Frey and Vaughn Hospitality took the retaliation claim to trial in February 2017, and the jury issued a verdict in Frey's favor, awarding $45,000 in compensatory damages.

Now before the Court is Frey's motion for summary judgment as to a damages award against Hotel Coleman. That motion is granted in part, and judgement is entered against Hotel Coleman in the amount of $142,930.51, inclusive of prejudgment interest. And consistent with the ruling this Court issued at the hearing held on May 5, 2017, judgment is entered against Vaughn Hospitality in the amount of $73,699.51, inclusive of prejudgment interest. Hotel

Coleman and Vaughn Hospitality are jointly and severally liable for $73,699.51 of each of those judgments (that is, for the amount of the judgment attributable to the state law retaliation claim as compensatory damages and back pay, and the interest applicable to those amounts).

## BACKROUND[1]

Frey began working for Hotel Coleman in August 2008 as a guest services representative at the Holiday Inn Express in Algonquin, Illinois. PSOF ¶ 1; Hotel Coleman Summ. J. Op. at 2. Hotel Coleman was the corporate owner of the hotel and paid Frey $13 per hour. PSOF ¶ 1 Hotel Coleman; Summ. J. Op. at 2. Shortly after Frey was hired, her supervisor, Michael Vaughn ("Vaughn"), began to sexually harass her. PSOF ¶ 2. Frey contends Vaughn's conduct included telling her that he could have any woman he wanted; telling her that she should put a penny in a jar every time she had sex with her husband; asking if he could touch her stomach; inviting her to a hotel room; telling her he wanted to have phone sex with her; telling her she had a sexy body; and telling her that it was a waste that she was pregnant, among other things. *Id.* ¶ 3. Frey objected to the comments, and asserts that Vaughn's conduct was offensive, unwelcome, pervasive, severe, and humiliating. *Id.* ¶¶ 4-6.

Frey told Vaughn she was pregnant in June 2009, after which her work environment began to change. *Id.* ¶ 9. Frey worked an average of roughly 24 hours per week in 2008 and

---

[1] The Court takes the following facts primarily from Frey's Statement of Material Facts ("PSOF") and her Supplemental Statement of Facts ("SSOF") in support of her damages summary judgment motion. As discussed in prior orders, Hotel Coleman is unrepresented in this action. *See* Hotel Coleman Summ. J. Mem. Op. at 1 n.1, ECF No. 96; Order on Mot. to Dismiss, ECF No. 56. Hotel Coleman has therefore been unable to respond to Frey's summary judgment motions. *See Old Ben Coal Co. v. Office of Workers' Comp. Programs*, 476 F.3d 418, 418-19 (7th Cir. 2007). The lack of any response by Hotel Coleman results in its admission of all facts that Frey has properly set forth in her motion. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the [Local Rule 56.1], those facts are deemed admitted for purposes of the motion.").

2009. *See* Vaughn Hospitality Back Pay Mem. Frey says, however, that after revealing her pregnancy in June 2009, her hours were gradually cut from about 30 to 40 hours per week to about nine hours per week; her requests for additional hours were unsuccessful; and she was not permitted to apply for the Executive Sales Manager position that Vaughn had previously told her she could expect to obtain. *Id.* ¶ 10. That manager position paid a salary of approximately $40,000 a year with benefits, *id.* ¶ 10, and Frey asserts that she was effectively denied this position in June or July of 2009 and that she would have held that job from August 2009 until April 2011, when the hotel was sold. SSOF ¶ 24. After revealing her pregnancy, Frey also was not considered for a front desk position that carried a $3 per hour pay increase, was moved from her day shift to a night shift without receiving an additional $1 per hour typically given to night shift employees, was forced to stand even after she complained about swollen ankles and back pain, was made to place paperwork under guests' doors even though she complained that this caused her pain because of her pregnancy, and was directed to shovel snow despite her pregnant condition. *Id.* Vaughn also made humiliating and offensive comments to Frey during her pregnancy, such as telling her she would no longer have a sexy body and that her sex life with her husband was over, among other statements. *Id.* ¶ 11.

Frey went on maternity leave in the beginning of 2010 for a period of about twelve weeks. *See* Frey Dep. 148:8–150:2, Oct. 15, 2013, ECF No. 156-3. While she was on leave, she filed a charge of harassment and pregnancy discrimination with the Equal Employment Opportunity Commission and the Illinois Human Rights Commission based on Vaughn's conduct. *Id.* ¶ 14. Frey returned to work on April 12, 2010, but was terminated one week later for allegedly stealing a cell phone and a restaurant gift card. *Id.* ¶¶ 15-16. Frey asserts that those reasons were fabricated in retaliation for Frey's filing of the harassment and discrimination

charge, and that Hotel Coleman has admitted it was aware of that charge before it terminated Frey. *Id.* ¶ 18. Frey asserts that the harassment and discrimination she experienced caused her significant emotional distress, anger, and embarrassment. SSOF ¶¶ 23, 25. She looked for comparable employment, but was unable to find any. SSOF ¶ 25.

Hotel Coleman sold the Holiday Inn in August 2010, and the new owners of the hotel did not retain Vaughn Hospitality. Vaughn Hospitality Back Pay Mem. at 3. Two employees who worked in guest services or at the hotel's front desk continued working for the hotel, but both had moved on within one year of the sale. *Id.*; *see also* Pl. Back Pay Mem. at 4-5, ECF No. 157.

The Court granted summary judgment to Frey on her sexual harassment, pregnancy discrimination, and retaliation claims against Hotel Coleman in October 2015. *See* Hotel Coleman Summ. J. Mem. Op. This Court must now determine Frey's damages award against Hotel Coleman. Also in October 2015, this Court granted summary judgment to Vaughn Hospitality as to Frey's sexual harassment, pregnancy discrimination, and Title VII retaliation claims—based on a finding that Vaughn Hospitality was not Frey's "employer," as required for her to succeed on those theories—leaving only Frey's IHRA retaliation claim to proceed to a jury trial. *See* Vaughn Hospitality Summ. J. Mem. Op. at 11, ECF No. 97; Clarifying Order, ECF No. 101. At trial, the jury awarded Frey actual damages of $45,000 against Vaughn Hospitality; at issue for Vaughn Hospitality now is this Court's determination of an appropriate back pay award. *See* Order, ECF No. 137.[2] Frey maintained in the January 2017 joint pretrial memorandum in this case that she was seeking $13,520 in back pay. *See* Pretrial Mem. at 8, ECF No. 123. Post-trial, however, she seeks a back pay award of roughly ten times that amount. Vaughn Hospitality argues that it should not have to pay Frey any back pay, in part because any

---

[2] The parties agreed that the issue of back pay was to be decided by the Court upon a finding of liability by the jury.

amount she is owed must be offset by the roughly $30,000 Frey received in unemployment benefits after her termination.

## ANALYSIS

Frey seeks summary judgment on her damages award against Hotel Coleman. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *EEOC v. CVS Pharmacy, Inc.*, 809 F.3d 335, 339 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Kvapil v. Chippewa Cnty.*, 752 F.3d 708, 712 (7th Cir. 2014). When considering a motion for summary judgment, the Court construes the facts and makes all reasonable inferences in favor of the non-moving party. *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). "[D]istrict courts presiding over summary judgment proceedings may not weigh conflicting evidence . . . or make credibility determinations." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011) (internal quotation marks and citation omitted).

**I. Judgment Against Hotel Coleman**

Frey first seeks a back pay award from Hotel Coleman under her theory of pregnancy discrimination. She seeks wages from July 2009, just after she told Vaughn she was pregnant, to April 2010. To be more specific, Frey was terminated on April 19, 2010, and before that was on unpaid maternity leave for twelve weeks. At most, then, a back pay award based on pregnancy discrimination should cover a period of approximately 29 weeks: the roughly 41 weeks between July 1, 2009 and April 19, 2010, minus the twelve weeks she was on leave. For each of those weeks, she is owed back pay for 26 hours—the difference between 35 hours, the average amount

of time per week she says she worked before revealing her pregnancy, and nine hours, the amount of time per week she said she worked afterwards—at a rate of $13 per hour.[3] Her back pay award against Hotel Coleman for pregnancy discrimination is therefore $9,802.

Frey also seeks a back pay award against Hotel Coleman for retaliation. For the reasons discussed in the section on the Vaughn Hospitality judgment, *infra*, Frey is entitled to a judgment against Hotel Coleman of $13,520 in back pay for retaliation (for which Vaughn Hospitality is jointly and severally liable).

As for compensatory damages, Frey provides next to nothing in her brief to support her request for an award against Hotel Coleman of $200,000 for sexual harassment and of $50,000 for pregnancy discrimination. Given Frey's inadequate briefing, the Court concludes that the $45,000 jury verdict against Vaughn Hospitality for retaliation provides the best guidance as to an appropriate damage award. At trial, the jury heard most of the evidence regarding Frey's sexual harassment and pregnancy discrimination theories. Though counsel presented that evidence in the context of the retaliation claim against Vaughn Hospitality, the evidence itself was largely the same as the evidence that is relevant to the inchoate damages Frey suffered from the discrimination itself. Frey is therefore awarded compensatory damages of $45,000 against Hotel Coleman on her theories of sexual harassment and pregnancy discrimination. And, based on the jury's finding regarding damages arising from retaliation, the Court also awards Frey $45,000 against Hotel Coleman on the retaliation claim, for which Hotel Coleman and Vaughn Hospitality are jointly and severally liable.

---

[3] Frey seeks some $28,133.33 in back wages for Hotel Coleman's pregnancy discrimination, and seems to base this number in part on her allegation that she was passed over for a promotion to Executive Sales Manager, a higher-paying job, after she revealed her pregnancy. *See* Pl. Supplemental Mem. in Supp. Summ. J. at 3. The Court rejects that basis as completely speculative; no facts alleged, much less admitted to, support an inference that Frey would in fact have been hired for the higher-paying position.

Finally, Frey's request for punitive damages is denied. Again, her brief provides very little support for this request, and counsel presented no argument for punitive damages—and the jury made no punitive damages award—at the trial involving Vaughn Hospitality. And again, that trial provides the most relevant benchmark for this damages determination, given the absence of any persuasive argument in the plaintiff's brief on this point.

Frey is therefore awarded damages against Hotel Coleman in the amount of $113,322, the total of $9,802 for back pay for pregnancy discrimination, $13,520 for back pay for retaliation, $45,000 in compensatory damages for pregnancy discrimination and sexual harassment, and $45,000 in compensatory damages for retaliation. Vaughn Hospitality is jointly and severally liable for $58,520 of that total damages award (the portion attributable to the retaliation claim).

## II. Judgment Against Vaughn Hospitality

As noted, the jury awarded Frey $45,000 in actual damages against Vaughn Hospitality, and for the reasons stated in open court on May 5, 2017, this Court awards Ms. Frey $13,520 in back pay. Despite Frey's pretrial representation that this is an appropriate back pay award, Frey argued in a post-trial brief that she is actually entitled to $132,242.50 in back pay, representing some six years during which she says she would have worked 32.5 hours per week at a rate of $13 per hour. *See* Pl. Back Pay Mem. at 3. Vaughn Hospitality argued in its own post-trial brief, meanwhile, that it owes Frey no back pay, saying the amount it would otherwise owe is exceeded by, and in fact should be offset by, the money she received in unemployment benefits. Vaughn Hospitality Back Pay Mem. at 6, ECF No. 156. Vaughn Hospitality also argues that Frey should at least be limited to the $13,520 in back pay damages she disclosed in the pretrial order. *Id.* at 6-9.

As stated at the May 5 hearing, Frey is awarded $13,520 in back pay damages for retaliation, for which Vaughn Hospitality and Hotel Coleman are jointly and severally liable. Frey is bound by her pretrial representation. The joint pretrial memorandum—essentially, a joint proposed pretrial order—set forth the itemized damages Frey sought, as well as the parties' witness lists, exhibit lists, and other key pretrial information. *See* Pretrial Mem. This joint filing provided notice to Frey and to Vaughn Hospitality as to what was going to be at issue at the upcoming trial. *See DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 628 (7th Cir. 2013) ("'Because the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superseding the pleadings and establishes the issues to be considered at trial.'" (quoting *Gorlikowski v. Tolbert*, 52 F.3d 1439, 1443–44 (7th Cir. 1995)); *Harper v. Albert*, 400 F.3d 1052, 1063 (7th Cir. 2005) ("In order for a pretrial order to have any value as a procedural mechanism and to protect against the possibility of either of the parties being taken by surprise at trial, the parties must be held to the issues set forth in that order."). Frey cannot now alter her back pay damages demand—let alone seek ten times that amount—after trial. Frey never sought to modify the pre-trial memorandum and has made no argument that could support a post-trial deviation from that joint filing, such as that Vaughn Hospitality wrongfully failed to produce some supporting information in discovery.

This Court rejects Vaughn Hospitality's argument that it owes Frey nothing, however; Frey is entitled to the full $13,520 she sought before trial. Frey worked at a rate of $13 per hour, and in 2008 she worked roughly 24 hours per week. *See* Vaughn Hospitality Back Pay Mem. at 2. It is reasonable to conclude that Frey would have stayed on at the hotel for some time even after its sale; two front desk employees did so, and Frey's own employment history reflects that she has historically held jobs for between approximately one and three years. *See id.* at 4. An

award of $13,520 is therefore appropriate; this figure is consistent with the parties' joint pretrial memorandum and reflects roughly 43 paid weeks (calculating 24 hours per week at a rate of $13 per hour), a time period that is not excessive in light of Frey's employment history and the fact that other employees continued working at the hotel even after its sale.

Vaughn Hospitality's argument that any back pay award should be offset by the $30,052 she received in unemployment benefits also falls flat. *See* Vaughn Hospitality Back Pay Mem. at 10. As Frey argued in her back pay brief, the collateral source rule applies to unemployment benefits in employment-discrimination cases. *See NLRB v. Gullett Gin Co.*, 340 U.S. 361, 364, 71 S. Ct. 337 (1951); *E.E.O.C. v. O'Grady*, 857 F.2d 383, 389 (7th Cir. 1988); *see also Stragapede v. City of Evanston*, 125 F. Supp. 3d 818, 826 (N.D. Ill. 2015) (citing same). The collateral source rule's aim is to prevent a wrongdoer from paying twice, "not to prevent the plaintiff from being overcompensated." *O'Grady*, 857 F.2d at 389 (quoting *Perry v. Larson*, 794 F.2d 279, 286 (7th Cir. 1986)). Employers pay taxes to fund unemployment benefits programs, but such benefits payments to employees are made "not . . . to discharge any liability or obligation of [the employer], but to carry out a policy of social betterment for the benefit of the entire state." *Gullet Gin*, 340 U.S. at 364. Employers are obligated to pay unemployment taxes regardless of whether they act lawfully or not, *see Stragapede*, 125 F. Supp. 3d at 827, and allowing Vaughn Hospitality to offset Frey's damages award by the unemployment benefits she received would result in a windfall to that company that this Court will not endorse. *See O'Grady*, 857 F.2d at 391 ("But as between conferring a windfall on claimants or defendants, claimants are the logical choice.").

Frey is awarded $13,520 in back pay damages and $45,000 in compensatory damages against Vaughn Hospitality. Frey's total damages award against Vaughn Hospitality is therefore $58,520, for which Hotel Coleman is jointly and severally liable.

## III. Prejudgment Interest

Frey and Vaughn Hospitality dispute the appropriate prejudgment interest award. Frey seeks a prejudgment interest rate of 9% annually, and cites to an Illinois regulation governing the procedural rules of the Illinois Human Rights Commission, 56 ILL. ADMIN. CODE 5300.1145, as well as an Illinois civil procedure statute which calls for court judgments to "draw interest at the rate of 9% per annum from the date of the judgment until satisfied," 735 ILL. COMP. STAT. 5/2-1303. The state regulation and state statute are inapplicable here, and the statute in particular deals with post-judgment, not prejudgment, interest. Frey's arguments as to prejudgment interest are rejected.

Where, as here, a statute does not provide a rate for prejudgment interest, the Seventh Circuit has said that it is within the district court's discretion to determine the proper interest rate, but that "the best starting point is to award interest at the market rate, which means an average of the prime rate for the years in question." *Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1114 (7th Cir. 1998). "Prejudgment interest typically accrues from the date of the loss or from the date on which the claim accrued." *Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Systems, Inc.*, 325 F.3d 924, 935 (7th Cir. 2003). "As a general rule, the decision whether to award compound or simple prejudgment interest is left to the discretion of the trial court," though "[c]ompound interest generally more fully compensates a plaintiff." *Id.* at 937-38.

Vaughn Hospitality argues that this Court should apply the average prime interest rate for the period between 2010 and May 2017, and further proposes that—or at least does not object to, and provides calculations reflecting that—the prejudgment interest be compounded. Vaughn Hospitality Objection to Pl.'s Interest Mem. at 4-6. This Court agrees. As Vaughn Hospitality relays in its brief, the prime interest rate was 3.25% from April 2010 until 2015. *See* Board of Governors, Federal Reserve System, Data Download Program, Selected Interest Rates, https://www.federalreserve.gov/datadownload/ (last visited May 18, 2017) (select "build your package" and download spreadsheet for "bank prime loan" with a frequency of "monthly," from April 2010 to May 2017). In December 2015, the rate was 3.37%; from January 2016 through November 2016 it was 3.50% ; in December 2016 it was 3.64%; in January 2017 and February 2017 it was 3.75%; in March 2017 it was 3.88%; and in April 2017 it was 4.00%, where it has remained in May 2017. *Id.*; *see also id.* (select "build your package" and download spreadsheet for "bank prime loan" with a frequency of "daily," from May 1, 2017 to May 18, 2017). The average prime rate from April 2010 to May 2017 was therefore approximately 3.32%.[4] Using that average rate, Vaughn Hospitality calculates that the prejudgment interest, compounded monthly, on the $45,000 compensatory damages award against Vaughn Hospitality (for which Hotel Coleman is jointly and severally liable) is $11,868.53. *See* Vaughn Hospitality Objection Ex. A, ECF No. 160-1. Vaughn Hospitality calculates that the prejudgment interest, compounded monthly, on the $13,520 pack pay award against Vaughn Hospitality (for which Hotel Coleman

---

[4] The average of 66 months at 3.25%, one month at 3.37%, 11 months at 3.50%, one month at 3.64%, two months at 3.75%, one month at 3.88%, and two months at 4.00%.

is jointly and severally liable) is $3,310.98.[5] *See* Vaughn Hospitality Objection Ex. B, ECF No. 160-2.

Frey does not object specifically to these figures in her response, and instead only reiterates her argument that the Illinois statute and regulation should apply. This Court has rejected those arguments, and based on the foregoing calculations—and in the absence of any specific objections to Vaughn Hospitality's calculations—the judgments will reflect the interest figures and rates, compounded on a monthly basis, that Vaughn Hospitality has presented.

Applying the same methodology to Hotel Coleman, the Court finds that Hotel Coleman also owes, on its own, $2,560.47 in compounded prejudgment interest on the $9,802 award for back pay for pregnancy discrimination,[6] and $11,868.53 in compounded prejudgment interest on the $45,000 compensatory damages award for pregnancy discrimination and sexual harassment.

\* \* \*

Judgment is therefore entered against Hotel Coleman, inclusive of prejudgment interest, in the amount of $142,930.51;[7] Vaughn Hospitality is jointly and severally liable for $73,699.51 of that judgment.

---

[5] Vaughn Hospitality reaches this number, which the Court accepts, by determining that it would have taken Frey roughly 43.33 weeks at a rate of earning $312 per week to earn this back pay award. Frey did not provide any methodology for reaching the $13,520 figure in the pretrial order or in any other filings, and so this Court accepts Vaughn Hospitality's methodology on this point instead.

[6] This figure reflects the 29 weeks (or approximately seven months) for which Frey is awarded back pay against Hotel Coleman for pregnancy discrimination.

[7] This reflects the $113,322 total damages award against Hotel Coleman, plus the $2,560.47 in interest owed on the award for back pay for pregnancy discrimination; the $11,868.53 in interest owed on the $45,000 compensatory damages award for pregnancy discrimination and sexual harassment; the $3,310.98 in interest owed on the award for back pay for retaliation (for which Vaughn Hospitality is jointly and severally liable); and the $11,868.53 in interest owed on the $45,000 compensatory damages award for retaliation (for which Vaughn Hospitality is jointly and severally liable.

Judgment is entered against Vaughn Hospitality, inclusive of prejudgment interest, in the amount of $73,699.51,[8] for which Hotel Coleman is jointly and severally liable.

Each judgment is with costs. Frey's bill of costs should be submitted in accordance with Local Rule 54.1. In addition, Frey is directed to supplement her pending motion for attorney's fees by June 1, 2017. Any responses by Hotel Coleman or Vaughn Hospitality are due by June 15, 2017. The procedures set forth in Local Rule 54.3 will apply thereafter.

Date: May 18, 2017

John J. Tharp, Jr.
United States District Judge

---

[8] This reflects the $58,520 total damages award against Vaughn Hospitality, plus the $3,310.98 in interest owed on the award for back pay for retaliation and the $11,868.53 in interest owed on the $45,000 compensatory damages award for retaliation.