NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOGUSTAWA FREY ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-06284 |
| ) | |
| ) | Honorable John J. Tharp |
| ) | |
| HOLIDAY INN EXPRESS ET AL., ) | |
| ) | |

**PLAINTIFF'S MOTION FOR INSTRUCTIONS PURSUANT
TO LOCAL RULE 54.3(g)**

Plaintiff, by and through her counsel, hereby files her Motion for Instructions pursuant to N.D. Ill. L.R. 54.3(g). In support of her Motion, Plaintiff states as follows:

On May 19, 2017, this Court entered judgment in this matter and directed the parties to comply with L.R. 54.3 once Defendant's Vaughn Hospitality's ("VH") response to Plaintiff's supplemental fee petition was filed. [Dkt. #162] Plaintiff filed her initial fee petition on February 22, 2017 and her supplemental fee petition on June 8, 2017. [Dkt. ##140 and 168] VH filed its Response to Plaintiff's fee petition on June 21, 2017. [Dkt. #175][1]

L.R. 54.3(d) provides that "The parties involved shall confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion.

During the attempt to agree, the parties shall, upon request, provide the following information to each other:

---

[1] The court initially set the time for Plaintiff to file her supplemental fee petition to June 1, 2015. VH's response was to be filed on or before June 15, 2017. The Court later entered an order amending those dates to June 8, 2017 and June 22, 2017 respectively. [Dkt. #167]

1

(1) The movant shall provide the respondent with the time and work records on which the motion will be based, and shall specify the hours for which compensation will and will not be sought. These records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine.

(2) The movant shall inform the respondent of the hourly rates that will be claimed for each lawyer, paralegal, or other person. If the movant's counsel or other billers have performed any legal work on an hourly basis during the period covered by the motion, the movant shall provide representative business records sufficient to show the types of litigation in which such hourly rates were paid and the rates that were paid in each type. If the movant's counsel has been paid on an hourly basis in the case in question or in litigation of the same type as the case in question, records showing the rates paid for those services must be provided. If the movant will rely on other evidence to establish appropriate hourly rates, such as evidence of rates charged by attorneys of comparable experience and qualifications or evidence of rates used in previous awards by courts or administrative agencies, the movant shall provide such other evidence.

(3) The movant shall furnish the evidence that will be used to support the related nontaxable expenses to be sought by the motion.

(4) The movant shall provide the respondent with the above information within 21 days of the judgment or settlement agreement upon which the motion is based, unless the court sets a different schedule."

Plaintiff complied with L.R. 54.3(d)(1), L.R. 54.3(d)(2) and L.R. 54.3(d)(4) when she filed her supplemental motion for attorney's fees on June 8, 2017. Plaintiff's initial motion for fees as well as her supplemental motion for fees provided VH with "time and work records on which the motion will be based" and specified "the hours for which compensation will and will not be

sought." L.R. 54.3(d)(1) Plaintiff's motions for fees also provided VH with the hourly rates billed by Plaintiff's lawyers and the basis for those hourly rates. L.R. 54.3(d)(2) Finally, Plaintiff's motions for fees were timely filed under L.R. 54.3(d)(4).

L.R. 54.3(d)(5) provides "If no agreement is reached after the above information has been furnished, the respondent shall, within 21 days of receipt of that information, disclose the total amount of attorney's fees paid by respondent (and all fees billed but unpaid at the time of the disclosure and all time as yet unbilled and expected to be billed thereafter) for the litigation and shall furnish the following additional information as to any matters (rates, hours, or related nontaxable expenses) that remain in dispute:

(A) the time and work records (if such records have been kept) of respondent's counsel pertaining to the litigation, which records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine;

(B) evidence of the hourly rates for all billers paid by respondent during the litigation;

(C) evidence of the specific expenses incurred or billed in connection with the litigation, and the total amount of such expenses; and

(D) any evidence the respondent will use to oppose the requested hours, rates, or related nontaxable expenses." L.R. 54.3(d)(4).

On June 30, 2017, the parties having failed to reach agreement regarding Plaintiff's fee petition, counsel for Plaintiff sent counsel for VH an email requesting the information required under L.R. 54.3(d)(5). *See* June 30, 2017-July 10, 2017 email chain attached hereto as Exhibit A. Specifically, Plaintiff sought from VH "the total amount of attorney's fees paid (and all fees billed but unpaid at the time of the disclosure and all time as yet unbilled and expected to be billed thereafter) for the litigation and any supporting documentation for those fees." *Id.* On July 7, 2017, counsel for

VH responded stating that "the exchange of the information you request is typically done prior to filing a fee motion, response, supplemental motion, and response to the supplemental motion. The information is primarily exchanged for the purpose of preparing a joint statement which is attached to the original fee motion. That process has come and gone." *Id.* Counsel for VH further stated the following in their July 7, 2017 email to Plaintiff's counsel "Court is fully apprised of our positions with respect to your fee petition, as set forth in the numerous briefs and Pre-Trial Order." *Id.*

Also on July 7, 2017, counsel for Plaintiff sent counsel for VH an email stating "Please explain your basis for ignoring a direct order of the court. We also have obligations under 54.3 and your refusal to comply impacts our ability to comply fully with the court's order." *Id.*

On July 10, 2017, counsel for VH responded thusly:

"It is our position that pursuant to L.R. 54.3, Judge Tharp streamlined and modified rule. L.R. 54.3. ("on [his] own initiative, modif[ied] any time schedule provided for by this rule."). *See* ECF 140, 162, 167.

Moreover, L.R. 54.3(d) is titled "Pre-Motion Agreement." We have already fully briefed your Motion for Attorneys' Fees—including supplemental briefing. It is nonsensical to work towards preparing a joint-statement that should have been attached to the fee motion you filed on February 22, 2017. Judge Tharp's procedures and orders modified L.R. 54.3, making 54.3(d) inapplicable.

Consistent with Judge Tharp's Minute Entry (ECF 162), limited portions of L.R. 54.3 do apply—*e.g.*, L.R. 54.3(c)- "The filing of a fee motion shall not stop the running of the time for appeal of any judgment on which the motion is founded" and to the extent the Court's instruction is ambiguous, L.R. 54.3(g) applies.

It is our position that we followed Judge Tharp's procedures and orders in responding to your fee motion and supplemental fee motion. The procedures set forth in 54.3(d) are moot and inapplicable. As stated in my prior correspondence and as set forth in our Response to your Supplemental Fee Petition, Defendants have not asserted any specific objections to your time entries. As a professional courtesy, we shared our hourly rates with you."

4

VH flatly refused to comply with the Court's May 19, 2017 order directing the parties to use the procedures outlined in L.R. 54.3, instead referring to said procedures as "moot and inapplicable." *See* Exhibit A. VH also completely failed to "confer and attempt in good faith" to reach agreement on Plaintiff's fees. *Id.* Further, VH expressly waives any objection to the specific billing entries for which Plaintiff seeks a fee award. *Id.* [2]

VH's position that the procedures in L.R. 54.3 are moot because Plaintiff filed her initial fee petition prior to the Court's May 19, 2017 order is directly in conflict with the language of the rule itself. L.R. 54.3(b) states "If the court has not entered such an order before a motion has been filed pursuant to Fed.R.Civ.P. 54(d)(2)(B), then after such filing the court may order the parties to comply with the procedure set out in this rule as a post-filing rather than as a pre-filing procedure."

Pursuant to L.R. 54.3(d)(5) VH's billing/payment records were to be produced on or before June 29, 2017 (21 days after Plaintiff filed her supplemental motion for fees). Additionally, within 14 days of providing Plaintiff with the evidence of fees paid by VH in this matter, VH was required to "specifically identify all hours, billing rates, or related nontaxable expenses (if any) that will and will not be objected to, the basis of any objections, and the specific hours, billing rates, and related nontaxable expenses that in the parties' respective views are reasonable and should be compensated." VH has failed and refused to produce the required information under L.R. 54.3(d)(5) and has failed to identify (and in fact has expressly waived) its specific objections to

---

[2] Not content with refusing to comply with the Court's May 19, 2017 order, VH also saw fit to threaten Plaintiff and her counsel with sanctions under 28 U.S.C. §1927 and Fed.R.Civ.P. 11 if Plaintiff and her counsel "continue to submit unreasonable and frivolous filings in the District Court." *See* July 19, 2017 letter from VH's counsel to Plaintiff's counsel attached hereto as Exhibit B. Plaintiff's counsel is unsure whether VH would consider this filing "unreasonable and frivolous" but files this motion so as not to run afoul of the Court's May 19, 2017 Order. Also, Plaintiff's counsel has searched L.R. 54.3 in vain for language that allows a respondent to a fee petition to not only refuse to comply with the dictates of L.R. 54.3 but also to substitute its responsibilities under L.R. 54.3 with a threat for sanctions against Plaintiff.

5

Plaintiff's hours and billing rates. Therefore, Plaintiff is unable to meet her obligations under L.R. 54.3(e) which requires that "The parties shall cooperate to complete preparation of the joint statement no later than 70 days after the entry of the judgment or settlement agreement on which the motion for fees will be based, unless the court orders otherwise."[3] L.R. 54.3 (g) provides that "A motion may be filed seeking instructions from the court where it appears that the procedures set forth in this rule cannot be followed within the time limits established by the rule or by order of court because of— (1) the inability of the parties to resolve a dispute over what materials are to be turned over or the meaning of a provision of the rule, (2) the failure of one or more of the parties to provide information required by the rule…" Pursuant to L.R. 54.3(g) Plaintiff now seeks instructions as to how to proceed in light of VH's refusal to comply with the dictates of the rule as required by this Court's May 19, 2017 Order.

Respectfully submitted,

BOGUSTAWA "BONNIE" FREY

By: s/Philip S. Holloway
    One of Plaintiff's Attorneys

Atty#: 6273544
Philip Stephens Holloway
Justin G. Randolph
Law Office of Justin G. Randolph
53 West Jackson Boulevard, Suite 1234
Chicago, IL 60604
(312) 663-1560
philipholloway@aim.com
Counsels for Plaintiff

---

[3] 70 days from the entry of judgment places the due date for the parties' Joint Statement at July 28, 2017.